Cardozo, J.
I am compelled, owing to the brief interval since the argument on Saturday, and the other judicial demands upon my time and attention, to content myself with merely stating, in general terms, the conclusions which I have reached:
1st. I think that a party to the action, as well as any other witness, may be obliged to make an affidavit under the 7th subdivision of section 401 of the Code.
2d. The section in question does not authorize a fishing examination, to ascertain whether a person may not know something material to be proven on the motion. Its remedies are afforded upon the theory that the applicant knows that some one can prove a necessary fact, and that that person refuses to make an affidavit voluntarily.
The affidavit must be “ necessary,” and the party cannot swear that it is so, unless he knows what facts the person whose deposition is sought can testify to. A party cannot, as has been attempted in this case, call upon a person, whether his adversary or a stranger, for information upon certain points to enable him to ascertan whether the affidavit of such person will be necessary. There is nothing in this statute, nor in any other, requiring any answer to be given to such a call for information.
3d. The right practice is, I think, to prepare and tender to the person whose deposition is desired an affidavit, and to -u quest him to verify it.
I do not mean to say that this form is necessary as a matter of jurisdiction before the order can be granted, but I tbinlr it the right rule of practice which should govern this proceeding, and that generally that course should be pursued.
There is no hardship on the applicant in this rule, because he must know to what facts the person can testify, or he cannot say that the affidavit is “ necessary for him.” If he does not know any such fact, which he believes the person can prove, he should not be allowed to speculate about it, and the statute does not mean to enable him by its aid to ascertain it. If he does know of such facts, there can be no reason why he *432 should not prepare an affidavit, stating them, and present it to the witness and ask him to swear to it, so that the witness may understand just what is demanded of him.
I do not think that any of the consequences which the counsel for the plaintiff deprecated, would follow from this course.
If the party be deprived of any affidavit, because he does not know of any witness whom he believes can testify to what he deems necessary, then all that can be said is that his motion may fail, but he is in the same plight that every one is who has a just cause of action without adequate proof. The law has furnished no means by which he may examine persons to see if he can find some one who can prove what he may require to support his motion.
But if the witness decline to make the affidavit, the cour may compel him to do it; and certainly no court in the judicious exercise of the discretion which the statute confers, (for its language is wholly permissive), would hesitate to grant the order when it appeared that the witness not only refused to make the affidavit tendered to him, but though claiming that it was inaccurate in some particulars,. declined to correct it. If the witness should satisfy the court either that he knew nothing of the subject matter of the affidavit asked of him, or that the affidavit tendered to him, was in its general scope and character false, then doubtless the court should not oblige him! to testify, because it would be apparent that the real object was not to procure an affidavit of known facts, but under pretence of doing co, to examine the witness to ascertain whether he did or did not know anything necessary for the party; which this section of the Code was not designed to allow.
4th. The objection, however, that no affidavit has been offered to the person whose deposition is sought, may be waived; and I think it is waived, when the witness makes a general refusal to testify. If he means to invoke the strict rules of practice, he must place himself upon the objection when he is asked to testify.
He has the right to demand that an affidavit be submitted to him. and may take reasonable time to consider it and an- ( *433 swer whether he will swear to it or not, but if he makes a general refusal, then I think the objection that the affidavit was not presented to him when the request to swear to one was made, is waived.
5th. The whole matter rests in the discretion of the court, and therefore, after a refusal, or even after the examination has commenced, I think the court might deny an application or vacate an order, if one had been granted, to oblige the person to make the deposition. Whether" the court would or not do so, must depend upon the circumstances of each particular case, but I see no reason why, if there does not appear to have been any bad faith, and a sufficient affidavit be tendered, the court should not arrest the proceeding at any stage of it; but this should never be done unless it be clear that the affidavit is full and frank upon all the points, within the deponent’s knowledge, “ necessary ” for the party, and to which the witness’ affidavit has been requested.
6th. I do not think that at, this stage of the case, or in this way, an examination of the books can be had. The examination is not to be a substitute for a discovery of books and papers, nor indeed a discovery at all. If the witness does not know the fact sought to be proved, then his affidavit is not “necessary.” He cannot be required either to take any means to inform himself, nor to produce anything which contains such information. This is not the remedy for such a case. This proceeding must not be confounded either with a trial, or a reference under section 271, sub. 3, of the Code.
These general views, which I have been obliged to express hastily and imperfectly, cover all the points of practice which I think are necessarily involved at present.
[The remainder of the opinion is occupied with somewhat, extended remarks upon the frame of the order.]